**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KEVIN SROGA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**CENTURY TOWING SERVICE INC.,** )<br>**A-1 CITYWIDE TOWING &** )<br>**RELOCATION INC., S&S TOWING** )<br>**INC., JOHN DOE AGENTS FOR ALL** )<br>**TOWING AND RELOCATION** )<br>**COMPANIES OUTLINED ABOVE;** )<br>**Individually, THE ILLINOIS** )<br>**COMMERCE COMMISSION OR** )<br>**ICC; AND THE STATE OF ILLINOIS,** )<br>)<br>**Defendants.** ) | **Case No. 20 C 7118**<br><br>**Judge Jorge L. Alonso** |

**ORDER**

Plaintiff Kevin Sroga, *pro se*, seeks permission to proceed *in forma pauperis* in this suit. Because plaintiff does not have sufficient assets to pay the filing fee, his *in forma pauperis* application [4] is granted. However, plaintiff's allegations are not sufficient to survive this Court's initial screening, and the complaint [1] is dismissed without prejudice. Plaintiff may file an amended complaint by 1/8/2021.

**STATEMENT**

Plaintiff Kevin Sroga brings this *pro se* civil rights action against numerous towing companies, the Illinois Commerce Commission, and the State of Illinois. He claims, pursuant to 42 U.S.C. § 1983, that he suffered violations of his constitutional rights, and he seeks leave to proceed *in forma pauperis* ("IFP"). Plaintiff's financial affidavit demonstrates that he lacks financial resources, so his IFP application is granted.

Because plaintiff has applied for IFP status, the Court must screen the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii). In performing this screening, the Court requires plaintiff to state a claim for relief that is plausible on its face, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009), just as it would in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), except that it construes plaintiff's *pro se* complaint liberally and holds it to a less exacting standard than it would a formal pleading

drafted by an attorney. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027-28 (7th Cir. 2013) (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)).

The defendant towing companies are all "commercial vehicle relocators" under the Illinois Commercial Relocation of Trespassing Vehicles Law, 625 ILCS 5/18a-100 ("Illinois Commercial Relocation Law"). The Illinois Commerce Commission is a state regulatory agency with the power to administer the Illinois Commercial Relocation Law. 625 ILCS 5/18a-101. The gravamen of plaintiff's complaint is that the towing company defendants towed certain of plaintiff's vehicles away from locations that, at the time plaintiff parked the vehicles, allegedly lacked adequate signage warning that unauthorized vehicles could be towed. Plaintiff claims that, by towing his vehicles under these circumstances, the towing company defendants violated plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment of the United States Constitution and his right to due process under the Fourteenth Amendment. Further, plaintiff claims that the State of Illinois and the Illinois Commerce Commission are liable for the towing under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff also asserts several state-law causes of action arising out of the towing.

"Section 1983 creates a 'species of tort liability,'" *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 417 (1976)), for depriving a citizen of a constitutional right while acting "under color" of state law, 42 U.S.C. § 1983. Because § 1983 applies only when the defendant acts "under color" of state law, it may be "brought to bear" only against "government officers" or "private individuals who exercise government power." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). Generally, for purposes of a § 1983 claim, a private individual exercises government power in one of two broad categories of cases: (1) when "'the state effectively directs, controls, or encourages the actions of a private party," whether by "'exercis[ing] coercive power'" or "'provid[ing] such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State,'" *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1009 (1982)),[1] or (2) when "a state delegates a 'public function' to a private entity," *Wade*, 83 F.3d at 905 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)); *see Blum*, 457 U.S. at 1005.

The Seventh Circuit established long ago that a private towing company that tows a vehicle from private property, without more, is not acting under color of state law under either of the above theories. *Hinman v. Lincoln Towing Serv., Inc.,* 771 F.2d 189, 192-93 (7th Cir. 1985); *see Beyer*

---

[1] Strictly speaking, *Blum v. Yaretsky* addressed the state-action requirement of the Fourteenth Amendment, rather than § 1983's under-color-of-state-law requirement, but the distinction makes no difference for purposes of this case, in which plaintiff's § 1983 claims are governed by the Fourteenth Amendment. This is true of both his Fourteenth Amendment due process claim and his Fourth Amendment search and seizure claim, given that the Fourth Amendment only applies to the states via the Fourteenth Amendment. *Wade*, 83 F.3d at 904 n.4; *see* 1 Nahmod, Civil Rights & Civil Liberties Litigation: The Law of Section 1983 § 2:4 ("For all practical purposes, according to the Supreme Court, 'color of law' and state action are the same where Fourteenth Amendment violations are involved.") (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982); *Blum*, 457 U.S. at 1009 n.20; *id.* at 1013 n.1 (Brennan, J., dissenting).

*v. Vill. of Ashwaubenon*, 444 F. App'x 99, 101 (7th Cir. 2011) (citing *Hinman*). "When, as here, the state has not compelled a private act—when 'the impetus and the actors remain private'—there is no state action," nor is there action under color of state law. *See Beyer*, 444 F. App'x at 101 (quoting *Gayman v. Principal Fin. Servs., Inc.,* 311 F.3d 851, 853 (7th Cir. 2002)); *see also Wade*, 83 F.2d at 905 n.4 ("Conduct that constitutes state action under the Fourteenth Amendment necessarily satisfies § 1983's under color of state law requirement."). "[E]ven 'the need to obtain official approval'"—such as, for example, a license to operate under the Illinois Commercial Relocation Law—"does not 'turn private action into public action.'" *Beyer*, 444 F. App'x at 101 (quoting *Gayman*, 311 F.3d at 853); *see Jackson*, 419 U.S. at 350 ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.").

True, some courts have recognized that a private towing company may be acting under color of state law if it acts as a willful or joint participant in the activity of a government entity or its officers or agents. *See, e.g., Meier v. City of St. Louis, Missouri*, 934 F.3d 824, 829-30 (8th Cir. 2019) (finding a genuine issue of fact as to whether a towing company acted under color of state law when it refused to release the plaintiff's vehicle until "a hold from the St. Louis Police Department" was lifted); *cf. Yan Sui v. Southside Towing*, No. SACV1001973JAKAJW, 2012 WL 13048510, at *3-4 (C.D. Cal. June 5, 2012) (finding no state action because the towing company acted "at the behest" of a homeowner's association, rather than at the behest of a police officer or other government official, and distinguishing *Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1341-42 (9th Cir. 1977), on those grounds); *report and recommendation adopted*, No. SACV 10-1973 JAK AJW, 2012 WL 2564778 (C.D. Cal. June 29, 2012), *aff'd*, 582 F. App'x 731 (9th Cir. 2014); *Jarvis v. Vill. Gun Shop, Inc.,* 805 F.3d 1, 11 (1st Cir. 2015) (distinguishing *Stypmann* and like cases and finding that bonded warehouse operator who stored firearms confiscated by police was not a state actor because there was "nothing to suggest that the police *required* any assistance from the [warehouse] in order to confiscate and store the plaintiffs' firearms"). Plaintiff has not made any allegations that might support any inference that the towing company defendants in this case jointly participated in state action by towing plaintiff's vehicles. He alleges only that the towing company defendants towed his vehicles from the locations where he parked them. The Court has not located any authority that would permit a private towing company to be held liable under § 1983 for engaging in the purely private act of towing a vehicle— indeed, as the Court has explained, the law is to the contrary, *see Hinman*, 771 F.2d at 192-93— and plaintiff has alleged nothing more.

Plaintiff's claims against the State of Illinois and the Illinois Commerce Commission fail because they are derivative of plaintiff's claims against the towing companies, *see Edwards v. Jolliff-Blake*, 907 F.3d 1052, 1062 (7th Cir. 2018) ("Because the [plaintiffs] cannot make out a constitutional violation in their claim against the individual officers, there can be no viable *Monell* claim based on the same allegations."), and also because they are barred under principles of sovereign immunity. As another court of this district explained in a similar case brought by the same plaintiff, "[t]he Eleventh Amendment bars Sroga from suing the [Illinois Commerce Commission] or the State of Illinois in federal court unless the State consents or Congress has abrogated the immunity with respect to a particular statute[,] . . . [and] [h]ere, . . .

neither of the noted exceptions exist." *Sroga v. Rendered Servs. Inc.,* No. 19-CV-2299, 2019 WL 6173424, at *1 (N.D. Ill. Nov. 20, 2019) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996) and *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016)). The Court notes that plaintiff would fare no better if he sued the individual members of the Commission. *See Hinman*, 771 F.2d at 194 ("Illinois has freedom to order the property rights of its citizens as it chooses, and does not have to provide vehicle owners—who can always resort to state courts for relief from conduct by a relocator that violates the common-law—with any process.").

For the foregoing reasons, the Court is unable to discern any claim for relief arising under federal law in plaintiff's allegations. The Court declines to exercise jurisdiction over plaintiff's state-law causes of action in the absence of any federal claim that would independently confer jurisdiction on this Court. *See Burritt v. Ditlefsen*, 807 F.3d 239, 252 (7th Cir. 2015) ("The general rule, when the federal claims fall out before trial, is that the [district court] should relinquish jurisdiction over any supplemental . . . state law claims in order to minimize federal judicial intrusion into matters of purely state law."). Plaintiff's complaint is dismissed.

The Court doubts that plaintiff will be able to state a claim in an amended complaint, but the Seventh Circuit has recognized a "presumption in favor of giving plaintiffs at least one opportunity to amend" in order to "try to correct the deficiencies the district court [has] identified." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 518 (7th Cir. 2015). Plaintiff may file an amended complaint, if he can do so in compliance with the Federal Rules of Civil Procedure, by January 8, 2021. Plaintiff is warned that "an amended complaint supersedes an original complaint and renders the original complaint void," *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004), so plaintiff must submit an amended complaint that stands on its own, without reference to the prior complaint.

**SO ORDERED.**  **ENTERED: December 11, 2020**

**JORGE L. ALONSO**
**United States District Judge**